```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA        :
       - v. -                   :    INDICTMENT
DWIGHT MCPHERSON,               :    18 U.S.C. §§ 371, 1028(a)(7),
                                     1030(a)(2)(C) and 2;
            Defendant.          :    42 U.S.C. § 1320d-6
                                :
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 11 2008

08 CRIM 635

COUNT ONE
(Conspiracy)

The Grand Jury charges:

Background

1.  At all times relevant to this Indictment, New York-Presbyterian Hospital (the "Hospital") was a hospital located in New York, New York. In 2006, the Hospital handled over 1 million outpatient and emergency visits and had over 700,000 inpatient days. Patients of the Hospital resided throughout the United States and abroad.

2.  At all times relevant to this Indictment, patients of the Hospital provided their personal identification information, including name, date of birth, social security number and insurance information, to a member of the Hospital's admitting staff on or before admission.

3.  At certain times relevant to this Indictment, the Hospital used a computer system called "Siemens Eagle" as its primary computer system for managing patient information. The

"Siemens Eagle" system contained patient registration information, such as patient admissions, transfers, and discharges, as well as the identification information of each of the Hospital's patients. That identification information included the name, address, and social security number of each patient.

4. At all times relevant to this Indictment, the Hospital's "Siemens Eagle" system was owned and maintained by the Hospital, and was connected to servers in Pennsylvania. The "Siemens Eagle" system could only be accessed by users authorized by the Hospital. The Hospital provided each authorized user with a user name and password, which had to be used to log onto the "Siemens Eagle" system. At certain times relevant to this Indictment, the "Siemens Eagle" system produced logs detailing all users who logged into the system, and showed what records the user accessed while in the system.

5. At certain times relevant to this Indictment, DWIGHT MCPHERSON, the defendant, was an employee of the Hospital. Specifically, MCPHERSON was an admissions representative who worked the evening shift at the Hospital. As an admission representative, MCPHERSON was assigned the user name "DWM9006." MCPHERSON was specifically trained on the "Siemens Eagle" system and instructed by the Hospital that he was permitted to access the "Siemens Eagle" system only to view records of patients that

he had been specifically assigned.

### The Scheme

6. In or about 2006, a co-conspirator ("CC-1"), not named as a defendant herein, approached DWIGHT MCPHERSON, the defendant, in the Bronx, New York, and offered to pay MCPHERSON in return for MCPHERSON providing CC-1 with confidential patient identification information. MCPHERSON told CC-1 that he would sell the patient identification information to CC-1.

7. From in or about March 2006 through in or about February 2008, DWIGHT MCPHERSON, the defendant, accessed the records of approximately 49,841 patients from the Hospital's "Siemens Eagle" system, using the user name "DWM9006." MCPHERSON was not authorized to access most of those records. MCPHERSON then provided CC-1 with certain of those patient records in exchange for money.

### The Conspiracy

8. From in or about March 2006 through in or about June 2008, in the Southern District of New York and elsewhere, DWIGHT MCPHERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 1028(a)(7), 1030(a)(2)(C), (c)(2)(B)(i)-(iii) and Title 42, United States Code, Section

1320d-6.

## The Objects of the Conspiracy

9.  It was a part and object of the conspiracy that DWIGHT MCPHERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly, would and did transfer, possess and use, in and affecting interstate and foreign commerce, without lawful authority, means of identification of other persons with intent to commit, and to aid and abet, and in connection with, unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under applicable State and local laws, and as a result, would and did obtain things of value aggregating $1,000 and more during a one-year period, in violation of Title 18, United States Code, Section 1028(a)(7), (b)(1)(D) and (c)(3)(A).

10.  It was further a part and object of the conspiracy that DWIGHT MCPHERSON, the defendant, and others known and unknown, in conduct involving interstate and foreign communications, unlawfully, wilfully, knowingly and intentionally, would and did access a computer without authorization, and exceed authorized access, and thereby would and did obtain information, whose value exceeded $5,000, from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2), for purposes of commercial advantage and private financial gain, and in furtherance of

4

criminal and tortious acts in violation of the laws of the United States and of States, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i)-(iii).

11. It was further a part and object of the conspiracy that DWIGHT MCPHERSON, the defendant, and others known and unknown, would and did obtain and disclose to another person individually identifiable health information, with the intent to sell, transfer and use the individually identifiable health information for commercial advantage and personal gain, in violation of Title 42, United States Code, Section 1320d-6(a)(2), (a)(3) and (b)(3).

## Overt Acts

12. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. From in or about March 2006 to in or about February 2008, using a computer in New York, New York, DWIGHT MCPHERSON, the defendant, improperly accessed tens of thousands of records of patients of the Hospital.

b. From in or about 2006 to in or about February 2008, MCPHERSON sold over 400 patient records to CC-1 in the Bronx, New York.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Conspiracy)

The Grand Jury further charges:

13. The allegations in paragraphs 1-5 are repeated, re-alleged and incorporated as if set forth fully herein.

## The Scheme

14. In or about 2007, a co-conspirator ("CC-2"), not named as a defendant herein, approached DWIGHT MCPHERSON, the defendant, in Brooklyn, New York, and offered to pay MCPHERSON in return for MCPHERSON providing CC-2 with confidential patient identification information. MCPHERSON told CC-2 that he would sell the patient identification information to CC-2.

15. From in or about March 2006 through in or about February 2008, DWIGHT MCPHERSON, the defendant, accessed the records of approximately 49,841 patients from the Hospital's "Siemens Eagle" system, using the user name "DWM9006." MCPHERSON was not authorized to access most of those records. MCPHERSON then provided CC-2 with certain of those patient records in exchange for money.

16. From in or about March 2006 through in or about June 2008, co-conspirators of DWIGHT MCPHERSON, the defendant, used the patient identification information illegally obtained from the Hospital's "Siemens Eagle" system to obtain, among other things, lines of credit in the patients' names. The co-

6

conspirators then used those lines of credit to purchase merchandise, and to engage in other forms of identity theft and fraud.

### The Conspiracy

17. From in or about March 2006 through in or about June 2008, in the Southern District of New York and elsewhere, DWIGHT MCPHERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 1028(a)(7), 1030(a)(2)(C), (c)(2)(B)(i)-(iii) and Title 42, United States Code, Section 1320d-6.

### The Objects of the Conspiracy

18. It was a part and object of the conspiracy that DWIGHT MCPHERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly, would and did transfer, possess and use, in and affecting interstate and foreign commerce, without lawful authority, means of identification of other persons with intent to commit, and to aid and abet, and in connection with, unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under applicable State and local laws, and as a result, would and did obtain things of value aggregating $1,000 and more during a one-year

period, in violation of Title 18, United States Code, Section 1028(a)(7), (b)(1)(D) and (c)(3)(A).

19. It was further a part and object of the conspiracy that DWIGHT MCPHERSON, the defendant, and others known and unknown, in conduct involving interstate and foreign communications, unlawfully, wilfully, knowingly and intentionally, would and did access a computer without authorization, and exceed authorized access, and thereby would and did obtain information, whose value exceeded $5,000, from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2), for purposes of commercial advantage and private financial gain, and in furtherance of criminal and tortious acts in violation of the laws of the United States and of States, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i)-(iii).

20. It was further a part and object of the conspiracy that DWIGHT MCPHERSON, the defendant, and others known and unknown, would and did obtain and disclose to another person individually identifiable health information, with the intent to sell, transfer and use the individually identifiable health information for commercial advantage and personal gain, in violation of Title 42, United States Code, Section 1320d-6(a)(2), (a)(3) and (b)(3).

Overt Acts

21. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. From in or about March 2006 to in or about February 2008, using a computer in New York, New York, DWIGHT MCPHERSON, the defendant, improperly accessed tens of thousands of records of patients of the Hospital.

   b. From in or about 2007 to in or about February 2008, MCPHERSON sold over 1,000 patient records to CC-2 in Brooklyn, New York.

(Title 18, United States Code, Section 371.)

COUNT THREE

(Fraud In Connection With Means Of Identification)

The Grand Jury further charges:

22. The allegations in paragraphs 1-7 and 14-16 are repeated, re-alleged and incorporated as if set forth fully herein.

23. From in or about 2006 through in or about February 2008, in the Southern District of New York and elsewhere, DWIGHT MCPHERSON, the defendant, unlawfully, willfully and knowingly did transfer, possess and use, in and affecting interstate and foreign commerce, without lawful authority, a means of

identification of another person with intent to commit, and to aid and abet, and in connection with, unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under applicable State and local law, and as a result, would and did obtain things of value aggregating $1,000 and more during a one-year period, to wit, MCPHERSON possessed without authorization the means of identification of Hospital patients and obtained $1,000 and more for the sale of hundreds of those records during a one-year period.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3), and 2.)

## COUNT FOUR

(Fraud In Connection With Computers)

The Grand Jury further charges:

24. The allegations in paragraphs 1-7 and 14-16 are repeated, re-alleged and incorporated as if set forth fully herein.

25. From in or about 2006 through in or about February 2008, in the Southern District of New York and elsewhere, DWIGHT MCPHERSON the defendant, unlawfully, knowingly, and intentionally, in conduct involving interstate and foreign communications, accessed a computer without authorization and exceeded authorized access, and thereby obtained information, whose value exceeded $5,000, from a protected computer, as that term is defined in Title 18, United States Code, Section

10

1030(c)(2), for the purposes of commercial advantage and private financial gain, and in furtherance of criminal and tortious acts in violation of the laws of the United States and States, to wit, MCPHERSON accessed without authority and in excess of his authority a computer in New York, New York, owned and maintained by the Hospital, which was connected to servers in Pennsylvania, and obtained confidential personal identification information of Hospital patients in order to sell that information.

(Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i) and 2.)

## COUNT FIVE

(Wrongful Disclosure Of Health Information)

The Grand Jury further charges:

26.   The allegations in paragraphs 1-7 and 14-16 are repeated, re-alleged and incorporated as if set forth fully herein.

27.   From in or about 2006 through in or about February 2008, in the Southern District of New York and elsewhere, DWIGHT MCPHERSON, the defendant, unlawfully, knowingly, and intentionally, obtained and disclosed to another person individually identifiable health information, with the intent to sell, transfer and use the individually identifiable health information for commercial advantage and personal gain, to wit, MCPHERSON accessed records of tens of thousands of Hospital

patients, and sold certain of those records to other individuals for personal gain.

(Title 42, United States Code, Section 1320d-6(a)(2), (a)(3) and (b)(3).)

_____
FOREPERSON

_____
MICHAEL J. GARCIA sSR
United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

DWIGHT MCPHERSON,

        Defendant.

---

### INDICTMENT

08 Cr.

(Title 18, United States Code,
371, 1028(a)(7), (b)(1)(D), (c)(3)(A)
1030(a)(2)(C) and 2; (Title 42, United
States Code, Section 1320d-6)

            MICHAEL J. GARCIA
            United States Attorney

A TRUE BILL.

*Angela L. Luina* (signature)

---

Foreperson.

*Post-It 11/1/87* (handwritten marginalia)

*7/11/08 - Fld. Indictment, case assigned to Judge Holwell.*

*Eaton, J. U.S.M.J.*